THE STATE v. IRWIN, *Appellant.*

**Criminal Practice**: LARCENY: INSTRUCTIONS. On a trial for larceny
where there is evidence to prove a mere trespass, and the defend-
ant's guilt is very much in doubt, the Supreme Court will closely
scrutinize the instructions and reverse the cause if they are mis-
leading.

*Appeal from Mercer Circuit Court.*—HON. G. D. BURGESS,
Judge.

REVERSED.

*Wright & Robinson* and *H. J. Alley* for appellant.

The verdict was against the weight of evidence, as the
proof shows that the offense was only a trespass. Mrs. S.
A. Duncan, for the State, testified that she was the owner
of the mare, and that defendant came to the house, shot-off
his revolver, made some threats, then went to the lot, got
the mare and tied her up. Mrs. S. A. Duncan and family
knew he had the mare, but said nothing to him about tak-
ing her. The proof on part of State shows that defendant
took the mare openly, gave his true name when he traded
her off, also that the mare was claimed by Serena Duncan,
daughter of S. A. Duncan, who was of full age and of
whom defendant got the mare. The court erred in over-
ruling defendant's motion for new trial on ground of newly
discovered evidence, the affidavit in support of same show-
ing that the mare was the property of Serena Duncan, that
by the appraisers the mare was actually set apart to her,
and that she received said mare in the presence and at the
request of S. A. Duncan.

*D. H. McIntyre,* Attorney General, for the State.

The jury had the question of ownership and of the
intent with which the mare was taken, properly presented
to them by correct instructions, and found against defend-

ant, and the verdict should not be disturbed. *State v. Musick,* 71 Mo. 401; *State v. Warner,* 74 Mo. 83. If appellant took the mare for the benefit of Serena Duncan, knowing she was not the property of Serena, he is guilty. *People v. Juarez,* 28 Cal. 380; *Hamilton v. State,* 35 Miss. 214. The criminal intent consists in the purpose to deprive the owner of his property. *Williams v. State,* 52 Ala. 411; *Reg. v. White,* 9 Car. & P. 344; Roscoe's Crim. Ev., (7 Am. Ed.) 644. The newly discovered evidence did not warrant a new trial. *State v. Ray,* 53 Mo. 345; *State v. Smith,* 65 Mo. 313; *State v. Butler,* 67 Mo. 59.

HOUGH, C. J.—The defendant was convicted of stealing a mare alleged to be the property of one Mrs. S. A. Duncan. The only question presented in the brief of defendant's counsel is, whether the evidence is sufficient to support a conviction. It is contended that the testimony shows that the taking of the mare in question was, at most, only a trespass. The defendant testified at the trial, and admitted the taking and trading of the mare. There was some testimony tending to show that the taking was larcenous, and there was testimony tending to show that the defendant took and traded the mare with the permission of Serena Duncan, the reputed owner of the mare, and a daughter of Mrs. S. A. Duncan. Each of the judges has attentively considered the testimony, and all are of opinion that it leaves the question of the defendant's guilt so much in doubt, as to invite the closest scrutiny of the instructions, which were excepted to and brought to the attention of the court in the motion for a new trial. Record evidence of a former conviction of a like offense, was adduced at the trial, for the purpose of increasing the punishment, under section 1664 of the Revised Statutes.

The following instructions, among others, were given on behalf of the State:

1. The jury are instructed that if the defendant took and stole the mare of S. A. Duncan, at this county, in Sep-

tember last, and that he is the same Lyman Irwin named in the transcript of the record of the circuit court of Gentry county, Missouri, which has been read in evidence, then he is guilty, and if the jury so find from the evidence beyond a reasonable doubt, they will find him guilty.

4. If the jury find the defendant guilty, they will assess his punishment in the penitentiary for a term of seven years.

We regard the instructions as sufficiently misleading to justify a reversal of the judgment, in view of the evidence in the case. That clause of the first instruction which refers to the record of former conviction, should have been embodied in the fourth instruction, and omitted from the first.

All are of opinion that the judgment should be reversed and the cause remanded.